# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

NATHAN MORPHEW, et al.,

    Plaintiffs,

v.

LAWHON & ASSOCIATES, INC.,

    Defendant.

Case No. 2:10-cv-716
JUDGE GREGORY L. FROST
Magistrate Judge Terence P. Kemp

## OPINION AND ORDER

This matter is before the Court for consideration of a motion for summary judgment filed by Defendant (ECF No. 15), a memorandum in opposition filed by Plaintiff (ECF No. 22), and a reply memorandum filed by Defendant (ECF No. 28). For the reasons that follow, the Court finds the motion well taken.

### I. Background

Defendant, Lawhon & Associates, Inc. is an environmental consulting company. Plaintiff, Steven Sawyer, was previously employed by Defendant as a Project Manager. While an employee, Plaintiff injured his back in a January 26, 2009 work-related fall. Several days later, Plaintiff obtained medical treatment and soon began to see a chiropractor. Plaintiff continued to work during this period in February 2009, although there were some medical restrictions placed on him. As part of a purported reduction in force, Defendant terminated Plaintiff's employment on February 27, 2009, with the termination to become effective the next day.

After obtaining an Equal Employment Opportunity Commission right to sue letter,

1

Plaintiff subsequently filed the instant action. In his Complaint, Plaintiff asserts claims under the Age Discrimination and Employment Act, the Americans with Disabilities Act, and the Family Medical Leave Act. (ECF No. 1 ¶¶ 29-38.) Defendant has filed a motion for summary judgment on all three claims. (ECF No. 15.) The parties have completed briefing on the motion, which is ripe for disposition.

## II. Discussion

### A. Standard Involved

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court may therefore grant a motion for summary judgment if the nonmoving party who has the burden of proof at trial fails to make a showing sufficient to establish the existence of an element that is essential to that party's case. *See Muncie Power Prods., Inc. v. United Tech. Auto., Inc.*, 328 F.3d 870, 873 (6th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

In viewing the evidence, the Court must draw all reasonable inferences in favor of the nonmoving party, which must set forth specific facts showing that there is a genuine issue of material fact for trial. *Id*. (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)); *Hamad v. Woodcrest Condo. Ass'n*, 328 F.3d 224, 234 (6th Cir. 2003). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Muncie*, 328 F.3d at 873 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Consequently, the central issue is " 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided

that one party must prevail as a matter of law.' " *Hamad*, 328 F.3d at 234-35 (quoting *Anderson*, 477 U.S. at 251-52).

   B. Analysis

As a threshold matter, the Court must address what evidence is properly before the Court. Defendant has filed Plaintiff's deposition transcript. (ECF No. 12.) In an apparent attempt to comply with Rule 56 and S. D. Ohio Civ. R. 7.2, Defendant filed this transcript and accompanying exhibits both separately and as excerpts submitted with its motion for summary judgment and its reply memorandum. Plaintiff has also submitted and relies upon excerpts of that deposition with his memorandum in opposition.

The filed deposition transcripts lack an accompanying signed court reporter certification (ECF No. 12, at 243), however, which is an "essential portion[] of [the] transcript[]." S. D. Ohio Civ. R. 7.2(e). This error means that the transcripts and excerpts of these depositions fail to qualify as proper summary judgment evidence under Rule 56. *See* Fed. R. Civ. P. 30(f)(1); *Soliday v. Miami County, Ohio,* No. C-3-91-153, 1993 WL 1377511, at *5 n.4 (S.D. Ohio Nov. 22, 1993) (stating that "the Court cannot consider" deposition testimony referenced in summary judgment reply memorandum but not filed with court); *Moore v. Florida Bank of Commerce*, 654 F. Supp. 38, 41 n.2 (S.D. Ohio 1986) (unauthenticated deposition not filed with court is not proper material under Rule 56); *Podlesnick v. Airborne Express, Inc.*, 550 F. Supp. 906, 910 (S.D. Ohio 1982) (depositions not filed with court but referred to in summary judgment memoranda were not considered in court's decision). *See also Orr v. Bank of America, NT & SA*, 285 F.3d 764, 774 (9th Cir. 2002) (discussing unauthenticated deposition extracts). The

Court therefore cannot consider Plaintiff's uncertified deposition transcript.[1] *See Harris v. City of St. Clairsville, Ohio*, 330 F. App'x 69, 71-72 (6th Cir. 2008) (affirming refusal to consider uncertified depositions in summary judgment analysis).

This result is neither harsh nor unexpected in light of the fact that the same core rationale for exclusion has been applied multiple times in this District. *See, e.g., Lamberson v. Cowan Sys., LLC*, No. 2:09-cv-1070, 2011 WL 2462650, at *4 (S.D. Ohio June 17, 2011); *Zep Inc. v. Midwest Motor Supply Co.*, 726 F. Supp. 2d 818, 823 n.3 (S.D. Ohio 2010); *Koch v. County of Franklin, Ohio*, No. 2:08-cv-1127, 2010 WL 2386352, at *7 (S.D. Ohio June 10, 2010); *Weimer v. Honda of America Mfg., Inc.*, No. 2:06-cv-844, 2008 WL 2557252, at *1 (S.D. Ohio June 23, 2008); *Ullman v. Auto-Owners Mut. Ins. Co.*, 502 F. Supp. 2d 737, 744-45 (6th Cir. 2007); *Hinkle v. Norfolk S. Ry. Co.*, No. 2:05-cv-574, 2006 WL 3783521, at *6 n.10 (S.D. Ohio Dec. 21,

---

[1] Three comments are warranted. First, the parties cannot evade the unsigned certification error by seeking refuge in the fact that the Local Civil Rules permit the filing of "deposition excerpts" as attachments to summary judgment memoranda. *See* S. D. Ohio Civ. R. 7.2(e). That same rule also requires that "[e]vidence submitted . . . shall be limited to that necessary for decision and shall include only essential portions of transcripts or exhibits referenced in the memorandum." S. D. Ohio Civ. R. 7.2(e). *See also* S. D. Ohio Civ. R. 5.4(b) ("All deposition transcripts filed with the Clerk must include . . . the certificate described in Fed. R. Civ. P. 30(f)."). The court reporter certification is an essential portion of a transcript necessary for decision because it qualifies any submitted transcript pages as summary judgment evidence. It therefore must appear somewhere in the record, and it does not here.

Second, Defendant also made the same error in filing an uncertified copy of the deposition transcript of Ollie Nathan Morphew, but no party relies on that transcript in regard to the summary judgment motion *sub judice*. (ECF No. 14, at 153.) A former plaintiff in this case, Morphew previously dismissed his claims. (ECF Nos. 25, 26.)

Third, not every deposition transcript filed with this Court in this case is flawed. Plaintiff filed the deposition transcript of Michele Glinsky, and both parties submit excerpts of this document with their briefing. (ECF No. 21.) A signed court reporter certification accompanies that deposition transcript. (ECF No. 21, at 115.)

4

2006); *Harris v. City of St. Clairsville, Ohio*, No. C2-04-cv-1179, 2006 WL 3791404, at *4 (S.D. Ohio Dec. 21, 2006); *United States v. Standring*, No. 1:04CV730, 2006 WL 689116, at *4 (S.D. Ohio Mar. 15, 2006).

Moreover, this understanding of the certification requirement is hardly unique to this District. *See, e.g.*, *Romanowski v. RNI, LLC*, No. C 06-6575 PJH, 2008 WL 361125, at *4 (N.D. Cal. Feb. 11, 2008); *Varela v. San Francisco City & Cnty.*, No. C 06-01841 WHA, 2007 WL 205069, at *2 (N.C. Calif. Jan. 25, 2007); *Witherow v. Crawford*, No. 3:01-CV-00404-LRH (VPC), 2006 WL 3845145, at *5 (D. Nev. Dec. 28, 2006); *Roberts v. Boeing Co.*, No. CV 05-6813 FMC (Shx), 2006 WL 4704616, at *1 (C.D. Cal. Sept. 8, 2006); *Gastelum v. Abbott Labs.*, No. CV 05-645 PHX NVW, 2006 WL 2456199, at *3 (D. Ariz. Aug. 22, 2006); *AMCO Ins. Co. v. Madera Quality Nut LLC*, No. 1:04-CV-06456-SMS, 2006 WL 2091944, at *24 (E.D. Cal. July 26, 2006); *Magana v. Sacramento Cnty. Main Jail*, No. CIVS03-2061DFLKJMP, 2006 WL 314486, at *3 (E.D. Cal. Feb. 9, 2006).

Having determined what filings this Court can consider as evidence, the Court can now turn to the merits of Defendant's motion for summary judgment. In its motion, Defendant seeks judgment as a matter of law on Plaintiff's FMLA, ADA, and ADEA claims. Plaintiff responds in his memorandum in opposition by contesting summary judgment over only the ADA claim. In regard to his FMLA claim, Plaintiff states that he was unable to discover any evidence that Defendant met the definition of an employer to which the FMLA applies. He therefore "acknowledges that he cannot avail himself of the protections of the FMLA." (ECF No. 22, at 9.) Similarly, in regard to his ADEA claim, Plaintiff states that although he "continues to believe that his age was a significant motivating factor in his termination, discovery has not

5

revealed sufficient facts to allow him to establish each element of his claim." (ECF No. 22, at 18.) He acknowledges that the Court requires "a much higher standard of proof than [he] is currently able to demonstrate." (ECF No. 22, at 18.) These concessions mean that Defendant is entitled to summary judgment on the FMLA and ADEA claims.

This leaves for discussion Plaintiff's ADA claim. In order to prevail on this claim, Plaintiff must establish

> "1) he . . . is disabled; 2) otherwise qualified for the position, with or without reasonable accommodation; 3) suffered an adverse employment decision; 4) the employer knew or had reason to know of the plaintiff's disability; and 5) the position remained open while the employer sought other applicants or the disabled individual was replaced." *Macy v. Hopkins Cnty. Sch. Bd. of Educ.*, 484 F.3d 357, 365 (6th Cir. 2007) (quoting *Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1186 (6th Cir. 1996)).

*Whitfield v. Tennessee*, 639 F.3d 253, 259 (6th Cir. 2011). Defendant argues that Plaintiff cannot establish the first, fourth, and fifth prongs set forth above.

The company asserts that Plaintiff was not disabled. To support this contention, Defendant directs this Court to deposition statements allegedly made by Plaintiff. As noted above, however, the Court cannot consider Plaintiff's deposition. This means that there is no proper evidentiary basis upon which this Court can agree with Defendant's analysis.

The Court can consider most of the evidence upon which Defendant relies in arguing that it did not know or have reason to know of Plaintiff's purported disability. In connection with this argument, Defendant points to the July 26, 2011 affidavit of Michele Glinsky. (ECF No. 15-2.) In her capacity as Office Administrator and Human Resources Manager for Defendant, Glinsky states in her affidavit as follows:

> 5. Sawyer first advised me of his alleged January 26, 2009 injury on January 30, 2009. Sawyer's failure to notify me of his injury on the day of the injury

6

was contrary to the Company's policies. When Sawyer notified me of his injury on January 30, 2009, he was required to undergo a drug test that day.

      6.     Sawyer worked on February 3 and 4, 2009, following his treatment at an UrgentCare Center on February 2, 2009.

      7.     In mid-February of 2009, Sawyer's chiropractor requested that an MRI be performed on Sawyer's back, and the Company immediately approved and paid for same.

      8.     Sawyer voluntarily chose to work February 23 through February 27, 2009. He never asked to be taken off work and never orally advised me of his chiropractor's February 23, 2009 correspondence, which correspondence I never saw until months after the litigation was filed.

      9.     Sawyer was called into a meeting on February 27, 2009 and given correspondence terminating him effective February 28, 2009. Following the meeting, I prepared a note for Sawyer's personnel file memorializing the meeting. As indicated in the note, Sawyer stated during the meeting that he needed his job and that he was willing to work in other departments.

      10.    In February of 2009, Sawyer never advised me he could not perform his normal duties as a Project Manager. He never asked for any accommodations – – other than his chiropractor's note indicating a 20-pound lifting restriction – – and no one at the Company asked Sawyer to lift in excess of 20 pounds after he was injured.

(ECF No. 15-2 ¶¶ 5-10.) Defendant insists that these facts indicate that it thought that Plaintiff had sustained only a transitory lumbar sprain or strain, not that he was disabled.

Plaintiff labels Defendant's lack-of-knowledge argument disingenuous. Citing to the Glinsky deposition, Plaintiff explains that Defendant was aware that he had suffered a back injury, that Glinsky had been presented with Urgent Care document that included a statement that Plaintiff should not work until he could be seen again and that placed work restrictions on Plaintiff, and that Glinsky has received at least one statement from Plaintiff's chiropractor about his condition that imposed lifting restrictions. Plaintiff also cites to his own deposition, but this Court cannot consider his reliance on that uncertified content or to medical documents that were

7

apparently exhibits during his deposition and that were submitted with the uncertified transcript. Both that transcript and its attachments are outside the Court's consideration. The Court can and has considered, however, the medical documents attached as exhibits to the Glinsky deposition transcript.

None of this evidence presents content suggesting that Defendant knew or should have known that Plaintiff's injury rose to the level of a disability. There is no evidence before this Court that the Court can consider that Glinsky or anyone else from the company had received a February 23, 2009 letter from Plaintiff's chiropractor that provides the best inference of a disability.

Also weighing against Plaintiff is whether he was replaced in his position. Plaintiff contends that he was and offers only his own deposition testimony to support that assertion. This Court cannot consider Plaintiff's uncertified deposition testimony. Thus, the only evidence on this issue before the Court is the July 26, 2011 affidavit of Richard Isaly, III, Defendant's Chief Financial Officer. (ECF No. 15-3.) Isaly states that Defendant "never hired a Project Manager or anyone else to replace Sawyer," although another employee obtained a certification Plaintiff held. (ECF No. 15-3 ¶ 9.) Defendant eventually hired two other individuals for different positions, without offering the jobs to Plaintiff.

Given the foregoing, Plaintiff fails to satisfy at least the fourth and fifth prongs of a *prima facie* case of ADA discrimination, which means that Defendant is also entitled to summary judgment on the ADA claim. Having reached this conclusion, the Court need not and does not reach Defendant's moot alternative arguments for summary judgment.

### III. Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant's motion for summary judgment. (ECF No. 15.) The Clerk shall enter judgment accordingly and terminate this case upon the docket records of the United States District Court for the Southern District of Ohio, Eastern Division, at Columbus.

**IT IS SO ORDERED.**

          /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE